# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

**ALEXANDER MORRIS individually,**

**Plaintiff**

**Case No.: 24-cv-11502**

**v.**

**Hon. Denise Page Hood**

**Magistrate: Elizabeth A. Stafford**

**ASCENSION MACOMB OAKLAND HOSPITAL,**

**HOLLY JACKSON and GREG CIESIELSKI,**

**Defendants.**

---

DAVIS LAW GROUP
Maurice Davis (P76203)
27600 Northwestern Hwy, Suite 215
Southfield, MI 48034
(248) 469-8501 Phone
maurice@michigancriminallawyer.com

Attorney for Plaintiff

RAND LAW, LLC
Jasmine Rand
Florida Bar No.: 77047
2525 Ponce de Leon Blvd., Ste. 300
Miami, FL 33134
(706) 424-1027 Phone

Attorney for Plaintiff

KITCH ATTORNEYS &
COUNSELORS, P.C.
Cheryl A. Cardelli (P36017)
Joslyn R. Iafrate (P74362)
Co-counsel for Ascension
One Woodward Suite 2400
Detroit, MI 48226
(313)965-7305
Cheryl.cardelli@kitch.com
Joslyn.iafrate@kitch.com
JACKSON LEWIS P.C.
Maurice G. Jenkins (P33083)
Michelle J. LeBeau (P51440)
Amira Genevieve Adel (P85046)
Attorneys for Ascension
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900

1

_____

## <u>PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT HOLLY JACKSON AND BRIEF IN SUPPORT THEREOF</u>

COMES NOW, Plaintiff Alexander Morris, by and through his attorneys, DAVIS LAW GROUP, PLLC, and files the instant Motion for Enlargement of Time to Serve Defendant Holly Jackson and Plaintiff's Brief in Support Thereof. Plaintiff is filing the instant Motion for Enlargement of Time to Serve Defendant Holly Jackson in the above-styled action based upon the facts demonstrated in the supporting brief, Defendant will not suffer prejudice if Plaintiff's Motion is granted, and granting said motion is in the interest of judicial economy.

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO SERVE DEFENDANT HOLLY JACKSON</u>**

**<u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>**

Plaintiff is filing the instant Motion for Enlargement of Time to Serve Defendant Holly Jackson in the above-styled action based upon the facts demonstrated below, Defendant will not suffer prejudice if Plaintiff's Motion is granted, and granting said motion is in the interest of judicial economy.

## <u>CONTROLLING AUTHORITY</u>

Federal Rule of Civil Procedure 4(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

## <u>FACTUAL BACKGROUND AND LEGAL ANALYSIS</u>

1) Plaintiff filed his Complaint on June 10, 2024, and Plaintiff received summons as to all Defendants on same date.  See Dkts. 1 & 2.

2) Plaintiff served Defendant Ascension Macomb Oakland Hospital with the Complaint promptly on 6/28/2024.  Defendant Ascension Macomb Oakland Hospital answered the Complaint on 7/09/2024.

3) As the Complaint was filed on June 10, 2024, Plaintiff should have achieved service by September 9, 2024.  However, Plaintiff's counsel mistakenly believed that the Summons for Defendant Holly Jackson had been submitted to a company utilized by the law firm called "Proof Serve," based on an email exchange between his paralegal and another attorney.  However, only Defendant Ascension Macomb Oakland Hospital was served, and the summons was inadvertently never submitted to "Proof Serve" for service.  As such, the failure to serve Defendant Holly Jackson was in error and/or excusable neglect.  This Court issued an Order to Show Cause on October 15, 2024, regarding Plaintiff's failure to serve Holly Jackson, Plaintiff responded explaining the reason and requesting an enlargement of time to serve Plaintiff and the issuance of a new summons.  See Dkts. 10 & 12.  This Court issued an Order on November 6, 2024 setting aside the Order to Show Cause but a new summons was not issued.  See Dkt. 13.

4) On November 8, November 21 & November 25, 2024 Plaintiff requested meet and confers with Defendant Ascension Macomb Oakland Hospital's counsel, Plaintiff raised the issue with Defendants' counsel requesting clarity on whether it waived service by filing affirmative defenses on behalf of Defendant Holly Jackson (On July 9, 2024, Defendants filed an Answer and Affirmative Defenses stating in part that it was filing the affirmative defenses on behalf of Holly Jackson.  (See Dkt. 5, page 32)); and Plaintiff raised the issue whether Defendant had waived service by filing Affirmative Defenses on Holly Jackson's behalf, and whether Defendant could accept service of a summons directed to Holly Jackson.  See Exhibit A.  Defendant's counsel responded stating that they do not represent Holly Jackson, the filing was done in error, and they do not have authority to accept a summons. See Exhibit A. On November 25, 2024, Defendant Ascension Macomb Oakland Hospital filed Corrected Affirmative Defenses, removing its assertion that it represented Holly Jackson.  See Dkt. 15.  Despite several requests to meet and confer in writing, Defendant never responded to establish a time to meet and confer.

5) Plaintiff sought an Affidavit of Merit in December 2025 regarding the medical negligence of Holly Jackson and is currently serving the Affidavit of Merit upon Holly Jackson.  The Affidavit of Merit was submitted to a process server to serve Defendant Holly Jackson on January 30, 2025.  On January 30, 2025, Plaintiff's counsel attempted to meet and confer with Defendant's counsel and sent an email

requesting a meeting and giving Defendant's counsel until January 31, 2025 at 5:00 PM to respond.  See Exhibit A.  Defendant's counsel never responded to Plaintiff's request for a meet and confer.  To wit, Defendant's counsel has now refused to respond to 4 emails requesting a meet and confer and several telephone calls to the attorneys of record.

6)  Federal Rule of Civil Procedure 4(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  As Plaintiff has demonstrated above, Plaintiff has shown good cause for the failure to serve Defendant Holly Jackson. and also spent time clarifying that Defendant made an error filing Affirmative Defenses on Holly Jackson's behalf and Defendant's counsel does not represent Holly Jackson.

7)  Plaintiff is moving this Court for the issuance of a new subpoena to serve Defendant Holly Jackson with a copy of the above-styled lawsuit within 30 days of the issuance of a new subpoena.  Plaintiff's counsel will make every effort to serve her as soon as the subpoena is received and hopes to serve her sooner than 30 days. Please see attached "Exhibit B," Summons directed to Defendant Holly Jackson.  If

Plaintiff is denied said relief, Plaintiff will have to file a voluntary dismissal without prejudice and file a second lawsuit against Plaintiff Holly Jackson which is against the interest of judicial economy.

### 8) Certificate of Compliance with Rule 7.1(a)(1)

Plaintiff attempted on numerous occasions as stated above to meet and confer with Defendant's attorneys to be heard on the motion so that the movant could explained the nature of the motion or request and its legal basis, but Defendant's counsel refused to even respond; and as such, Plaintiff requested but did not obtain concurrence in the relief sought.  To wit, Defendant's counsel has now refused to respond to 4 emails requesting a meet and confer over the past two months, and has ignored several telephone calls to the attorneys of record requesting a meet and confer.  Despite reasonable and timely efforts specified in the motion or request, the movant was unable to conduct a conference.  As such, the court may impose sanctions for refusing to respond to Plaintiff's counsel and for violating this rule, which may include taxing costs and attorney's fees.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Court accepts Plaintiff's Motion for Enlargement of Time to Serve Holly Jackson and issues a new subpoena directing Plaintiff to serve Defendant Holly Jackson within 30 days.

**Dated:  February 4, 2025.**

Respectfully submitted,


 _/s/Jasmine Rand_____
Jasmine Rand, Esquire
FBN: 0077047
**RAND LAW, L.L.C.**
2525 Ponce de Leon Blvd., Ste. 300
Miami, Florida 33134
(706) 424-1027 Telephone
(305) 503-9235 Facsimile
jasminerand@gmail.com Email
*Attorney for Plaintiff*


 __/s/ Maurice Davis_____
Maurice Davis, Esquire
DAVIS LAW GROUP
Michigan Bar No. P76203
27600 Northwestern Hwy, Suite 215
Southfield, MI 48034
TEL: (248) 469-8501
maurice@michigancriminallawyer.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished to all Defendants electronically.


*/s/Jasmine Rand_____*
Jasmine Rand, Esquire


*/s/Maurice Davis_____*

Maurice Davis, Esquire