UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER MORRIS, | |
| Plaintiff, | Case No. 24-cv-11502 |
| | Honorable Denise Page Hood |
| v. | Magistrate Judge Elizabeth A. Stafford |
| ASCENSION MACOMB OAKLAND HOSPITAL, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF NO. 23)**

I.      **Introduction**

Plaintiff Alexander Morris, a member of the Four Tops, sues Defendant Ascension Macomb Oakland Hospital for alleged discrimination and other offenses arising from his emergency room visit in April 2023. ECF No. 1.  Morris alleges that when he sought emergency care for cardiac symptoms, he informed a nurse and security guard of his identity, and voiced concerns about potential security risks from stalkers and fans.  *Id.*  Disbelieving Morris, healthcare providers allegedly ordered a psychological

evaluation and placed Morris in restraints rather than provide cardiac treatment. *Id.*

The Honorable Denise Page Hood referred the case to the undersigned for all non-dispositive pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 25. Morris moves for leave to amend his complaint. ECF No. 23. The Court **GRANTS IN PART AND DENIES IN PART** the motion.

## II.    Analysis

### A.

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given "when justice so requires." But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

**B.**

Morris moves for leave to amend his complaint to (1) reflect his legal name, Joseph Morris, also known as Alexander Morris; (2) eliminate claims against Defendants Holly Jackson and Greg Ciesielski, who have been voluntarily dismissed from the action; and (3) add Henry Ford Warren Hospital as a defendant.  ECF No. 23; *see also* ECF No. 21; ECF No. 22.

3

The name change and elimination of the dismissed defendants are simple administrative matters that are not futile or prejudicial, and Ascension does not oppose those amendments.  ECF No. 24, PageID.247, 256, 260-261.  But the proposed amended complaint incorrectly refers to Jackson and Ciesielski as "Defendants."  *See, e.g.*, ECF No. 23-2, PageID.227-228, 238.[1]  This error needs to be corrected.

Morris also seeks to add Henry Ford Warren Hospital as a defendant, alleging that Henry Ford assumed Ascension's debts and liabilities through a 2024 transaction between the two hospitals.  ECF No. 23, PageID.218; ECF No. 23-1.  Morris relies on an October 2024 Michigan Department of Licensing and Regulatory Affairs Filing Endorsement stating that Ascension Macomb would transact business under the assumed name of Henry Ford Warren Hospital.  ECF No. 23-1.  But Ascension contends that adding Henry Ford would be futile, as it had no connection to Morris's hospital admission and that Henry Ford did not assume Ascension's preexisting liabilities.  ECF No. 24, PageID.257-260.

---

[1] Ascension argues that any reference to Jackson, Ciesielski, or other individuals in the proposed amended complaint is improper and inconsistent with the orders of dismissal.  ECF No. 24, PageID.260.  Not so.  Morris may reference individuals by name in his complaint without rendering them defendants.

The Court finds that Morris states no plausible claim against Henry Ford.  ECF No. 23-2.  "Under Civil Rule 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable theory."  *Dabrowski v. Tubular Metal Sys., LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024).  Determining whether successor liability exists requires an examination of, among other factors, whether the transaction was a merger or asset transfer.

> "The traditional rule of successor liability examines the nature of the transaction between predecessor and successor corporations."  *Foster v. Cone–Blanchard Mach. Co.,* 460 Mich. 696, 597 N.W.2d 506, 509 (1999) (discussing general principles before addressing a products liability situation).  Ordinarily, the succession is accomplished in one of two ways: merger or asset transfer.  If the successor entity merges with the predecessor by acquiring its stock, the successor generally assumes the predecessor's liabilities.  If, however, the predecessor "sells its assets to [the successor], the purchaser is not responsible for the debts and liabilities of the selling corporation."  *Antiphon, Inc. v. LEP Transport, Inc.,* 183 Mich. App. 377, 454 N.W.2d 222, 224 (1990).

*Scarff Bros., Inc. v. Bischer Farms, Inc.*, 386 F. App'x 518, 522 (6th Cir. 2010).

Morris's proposed amended complaint fails to specify the type of transaction between Ascension and Henry Ford.  Rather, he guesses that "Defendant Ascension Macomb Hospital merged with and/or was acquired by Defendant Henry Ford Warren Hospital."  ECF No. 23-2, PageID.226.

Thus, Morris's claim that Henry Ford assumed Ascension's liability is speculative rather than plausible. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (stating that, to be plausible, a complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief").[2]

But Morris may conduct discovery about the transaction between Ascension and Henry Ford and renew its motion to amend if it discovers facts establishing successor liability. Ascension is warned that it may not object to discovery about its transaction with Henry Ford on relevance grounds.

## III.   Conclusion

Thus, the Court **GRANTS IN PART AND DENIES IN PART** Morris's motion to amend (ECF No. 23). **By May 30, 2025**, Morris must file an amended complaint consistent with this order.

---

[2] Compare the facts here with *Dabrowski*, in which the plaintiff alleged that "*all* Defendants" operated the plant where he was employed, and that all abused the corporate structure. *See Dabrowski*, 722 F. Supp. 3d at 773. Thus, in *Dabrowski*, the plaintiff stated a plausible claim. *Id.* But here, Morris does not allege that Henry Ford committed any violations of law, only that it is liable for Ascension's misdeeds.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 20, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager

7